## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| AT-SAF, INC., INDERPAL SINGH, | : | |
| SIKANDER SINGH, SARBJIT SINGH, | : | **COMPLAINT FOR** |
| TEJINDER ("MIKE") SINGH and HARVINDER | : | **DECLARATORY JUDGMENT** |
| PAL SINGH, | : | **and RELATED RELIEF** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff United Specialty Insurance Company ("USIC"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLP, as and for its complaint for declaratory judgment and related relief, hereby states, upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This is an insurance coverage action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 to 2240 and related relief.

2.      An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their rights and obligations under the liability insurance policies at issue is necessary and appropriate.

3.      Plaintiff seeks a judicial declaration that it has no obligation to defend or indemnify the defendants herein in five lawsuits pending against them in New York Supreme Court, Queens County as more fully described below (the "Underlying Actions").

4.      In the alternative, USIC seeks rescission and, as a further alternative, reformation of a commercial general liability insurance policy issued to Defendant At-Saf, Inc. ("At-Saf").

5.      Plaintiff also seeks an order directing the defendants to reimburse USIC for all fees, costs and expenses that USIC has incurred in defending the defendants herein in the Underlying Actions to date.

## JURISDICTION

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).

7.      Plaintiff USIC is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

8.       Defendant At-Saf is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

9.      Defendant Inderpal Singh is a natural person and a citizen and resident of the State of New York.

10.      Defendant Sikander Singh is a natural person and a citizen and resident of State of New York.

11.      Defendant Sarbjit Singh is a natural person and a citizen and resident of the State of New York.

12.      Defendant Tejinder ("Mike") Singh is a natural person and a citizen and resident of the State of New York.

13.      Defendant Harvinder Pal Singh is a natural person and a citizen and resident of the State of New York.

14.      No named defendant is domiciled in the State of Texas or the State of Delaware neither is any named defendant a citizen of the State of Texas or the State of Delaware. Accordingly, the plaintiff is a citizen of a state different from the state of which all the defendants

are citizens such that this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. § 1332(a).

15.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

16.     Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(1) because Defendant At-Saf resides in this District and because all other defendants reside in the State of New York.

17.     Venue in this District independently is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, or omissions giving rise to the asserted claim took place in this District.  More specifically, the Underlying Actions are pending in this District and involve alleged property damage occurring in this District resulting from the defendants' operations taking place in this District.

## NATURE OF THE CONTROVERSY

### The USIC Policies

18.     USIC issued two (2) liability insurance policies to At-Saf as the named insured.

### The Primary Policy

19.     Policy no. USA 4218314 (the "Primary Policy") is primary general liability insurance effective for the period May 4, 2018 to May 4, 2019 and subject to limits of $1 million each occurrence and $2 million in the aggregate, further subject to a deductible in amount of $1,000 per claim.  A true and correct copy of the Primary Policy, with premium and rating information redacted, is attached hereto as Exhibit "A."

20.    Subject to all of its terms, exclusions, conditions and definitions, Coverage A of the Primary Policy applies to "bodily injury" and "property damage" taking place during the policy period caused by an "occurrence," all quoted terms as defined in the Primary Policy.

The Excess Policy

21.    Policy no. USA 4228468 ("the Excess Policy") is excess liability insurance subject to limits of $5 million each occurrence and in the aggregate.  A true and correct copy of the Excess Policy, with premium and rating information redacted, is attached hereto as Exhibit "B."

22.    Subject to all of its terms, exclusions, conditions and definitions, the Excess Policy applies to "ultimate net loss" in excess of the "retained limit" because of "injury or damage," all quoted terms as defined in the Excess Policy.

23.    The Excess Policy follows form to the provisions, exclusions and limitations contained in the Primary Policy, unless otherwise directed in the Excess Policy.

**The Underlying Actions**

24.    At-Saf and one or more of the individual defendants herein are named as defendants in the Underlying Actions as follows.

The *State Farm* Suit

25.    In *State Farm Fire & Casualty Co. a/s/o Baci's Pet Palace*, Index No. 715267, pending in New York Supreme Court, Queens County, the plaintiff alleges that it is the property insurer for Baci's Pet Palace ("Baci's"), which is located at 137-20 Crossbay Boulevard in Ozone Park, New York.  The suit alleges that Inderpal Singh is the owner of a building located at 9019 (or 90-19) Albert Road in Ozone Park, New York (the "Albert Road Property"), and that Inderpal Singh contracted with At-Saf to perform construction at the Albert Road Property.  At-Saf

allegedly performed such construction in a negligent manner, causing damage to Baci's property, for which State Farm paid insurance claims.

26.     The first cause of action is against Inderpal Singh, in his capacity as owner of the Albert Road Property, for negligently selecting and hiring At-Saf to perform the work.  The second cause of action is against At-Saf for negligently performing the construction.  State Farm seeks recovery of $276,753.34 paid to Baci's under the relevant insurance policy.  A true and correct copy of the *State Farm* suit is attached hereto as Exhibit "C."

27.     USIC is defending At-Saf and Inderpal Singh in the *State Farm* suit pursuant to reservation of rights to withdraw from the defense and deny coverage.

The *Wesco* Suit

28.     In *Wesco Insurance Co. a/s/o Crossbay Associates, LLC v. Singh, et al.*, Index No. 701888/2020, pending in New York Supreme Court, Queens County, the plaintiff alleges that it is the property insurer for Crossbay Associates LLC ("Crossbay"), which owns a commercial property located at 137-20 Cross Bay Boulevard in Ozone Park, New York (the "Crossbay Property"), which sits immediately adjacent to the Albert Road Property.  The suit alleges that Inderpal Singh was endeavoring to construct a new residential building at the Albert Road Property and that Inderpal Singh engaged At-Saf to serve as the general contractor for the project.

29.     Allegedly, on or about November 23, 2018, defendants At-Saf and Inderpal Singh were "engaged in early stage excavation and earthwork" at the Albert Road Property, when the southwest side of the Crossbay Property collapsed and fell into the construction site.  The defendants allegedly failed to properly design and implement procedures necessary to protect the Crossbay Property, including by failing to design and install proper underpinning and bracing and by failing to implement a program to prevent soil movement from occurring.

5

30.    The first cause of action is for injury to property pursuant to New York General Construction Law § 25-b based upon the alleged failures recited above.  The second cause of action is for violation of New York City Building Code § 1814 based upon the failure to monitor the Crossbay Property during the excavation at the Albert Road Property.  The third cause of action is for violation of Section 3309 of the New York City Building Code for failure to protect the Crossbay Property.  The fourth cause of action is for private nuisance and the fifth cause of action is for trespass.  Finally, the sixth cause of action is for negligence in the defendants' alleged failure to design and implement 1) procedures necessary to protect the Crossbay Property; 2) proper underpinning and bracing at the Albert Road Property; 3) an adequate program to prevent soil movement from occurring under the respective properties.  The plaintiff seeks damages in excess of $500,000.  A true and correct copy of the *Wesco* suit is attached hereto as Exhibit "D."

31.    USIC is defending At-Saf and Inderpal Singh in the *Wesco* suit pursuant to reservation of rights to withdraw from the defense and deny coverage.

The *Crossbay* Suit

32.    In *Crossbay Associates, LLC v. Singh, et al.*, Index No. 704260/2020, pending in New York Supreme Court, Queens County, the plaintiff alleges that it is the owner of a building known as the "Crossbay Building," which is a strip mall located at 137-20 Cross Bay Boulevard in Ozone Park, New York, which building sits adjacent to the Albert Road Property.  It is generally alleged that the negligence of the defendants in working at the Albert Road Property caused the Crossbay Building to partially collapse.

33.    Allegedly, Inderpal Singh and the other individual defendants contracted with At-Saf to construct a two-story house on the Albert Road Property, which previously consisted of a vacant lot.  The complaint further alleges that the defendants were in the process of excavating a

for a foundation at the Albert Road Property, which excavation was conducted without any shoring walls or other support to keep adjacent structures stable during the construction.

34.    It is further alleged that the defendants' failure to support the excavation caused the rear portion of the Crossbay Building to collapse, which included a portion of the roof, bearing wall and foundation.  Natural gas, water and sewer services was disrupted as well, allegedly. Emergency repairs allegedly also were performed.  However, the complaint alleges that Inderpal Singh and the other individual defendants refused to grant access to the Albert Road Property in order for plaintiff to perform permanent repairs.

35.    The plaintiff's total claim is $363,067.01 for emergency and permanent repairs to the building.   In addition, the plaintiff alleges that it has lost approximately $600,000 in commercial rent, of which approximately $363,000 is covered by insurance.  Ongoing loss of rent is alleged to be $23,000 monthly.

36.    The *Crossbay* lawsuit alleges negligence and gross negligence in excavating the foundation at the Albert Road Property without proper shoring and other support to prevent damage to the Crossbay Building.  A true and correct copy of the *Crossbay* suit is attached hereto as Exhibit "E."

37.    USIC is defending At-Saf and the individual defendants in the *Crossbay* suit pursuant to reservation of rights to withdraw from the defense and deny coverage.

The *Baci's Pet Palace* Suit

38.    In *Baci's Pet Palace, Inc. d/b/a Animal Pantry v. Singh, et al.*, Index No. 713529/2020, pending in New York Supreme Court, Queens County, the plaintiff alleges that it is a commercial tenant in the Crossbay Building, and that Inderpal Singh and the other individual defendants hired At-Saf to perform construction, excavation, maintenance and repairs at the Albert

Road Property.  The plaintiff alleges that, on or about November 23, 2018, At-Saf was engaged in excavation and construction work for new construction at the Albert Road Property.  The work that At-Saf was performing allegedly caused the back wall and floors of the Cross Bay Building to collapse, damaging the plaintiff's property and forcing it to close its business.  Some property allegedly was stolen as a result of the property being open and unsecured or was contaminated with asbestos.

39.    The first cause of action is against Inderpal Singh and the other individual defendants for negligently hiring, appointing, and/or selecting At-Saf to perform the work.  The second cause of action is against At-Saf for negligence in a) failing to adequately protect the Cross Bay Building; b) failing to adequately comply with Depart of Buildings-approved construction documents; c) failing to obtain all necessary permits; d) violating the New York City Administrative Code; e) failing to shore up and brace the side[s] of the Cross Bay Building; f) failing to adequately support adjoining ground and structures affected by excavation during the construction process; g) failing to properly monitor for impermissible vibration to neighboring ground and property; and h) other negligence and carelessness.  A true and correct copy of the *Baci's Pet Palace* suit is attached hereto as Exhibit "F."

40.    USIC is defending At-Saf and the individual defendants in the *Baci's Pet Palace* suit pursuant to reservation of rights to withdraw from the defense and deny coverage.

    The *Norguard* Suit

41.    In *Norguard Insurance Co. a/s/o Crossbay Express Laundromat, Inc., et al. v. At-Saf, Inc., et al.*, Index No. 708446/2020, pending in New York Supreme Court, Queens County, plaintiff Norguard Insurance Company ("Norguard") alleges that it is the subrogee of Crossbay Express Laundromat, Inc. and Arepalicious, Inc. (collectively, the "Subrogors"), both of which

were tenants in the building located at 137-20 Crossbay Boulevard in Ozone Park, Queens, New York. Norguard allegedly is the Subrogors' business personal property insurer.

42.    Plaintiff further alleges that At-Saf was hired by Inderpal Singh to perform construction, maintenance and repairs at the building located at the Albert Road Property, which Inderpal Singh owns. At-Saf allegedly performed such work in a negligent and otherwise improper manner, causing damage to the building that the Subrogors' had been renting. Norguard allegedly paid $98,889.85 in business income losses and business personal property loss on behalf of the Subrogors as a result of the damage to the building.

43.    The first count of the complaint is against Inderpal Singh for negligence, recklessness and carelessness in hiring At-Saf to perform the work. Plaintiff alleges that Inderpal Singh knew or should have known that At-Saf and its employees were substandard, careless, reckless, negligent and otherwise unfit for the purpose for which At-Saf was retained.

44.    The second count of the complaint is against At-Saf for negligently performing construction, maintenance and repairs at the Albert Road Property in that At-Saf failed to exercise due care in failing to protect the Subrogors' property from becoming damaged. A true and correct copy of the *Norguard* suit is attached hereto as Exhibit "G."

45.    USIC is defending At-Saf and Inderpal Singh in the *Norguard* suit pursuant to reservation of rights to withdraw from the defense and deny coverage.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – Designated Operations – Both Policies)**

46.    USIC repeats and realleges the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

9

47.    The Primary Policy contains the following endorsement:

**LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS, PREMISES OR PROJECTS**

**A.**    If this endorsement is attached to Commercial General Liability Coverage Form **CG 0001**, the provisions of this paragraph **A.** apply.

    **1.**    Paragraph **1.b.** under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced by the following:

        **b.**    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

            **(1)**    The "bodily injury" or "property damage":

                **(a)**    Arises or is alleged to arise out of any operation(s) shown in the Schedule above;

                \*     \*     \*

            **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

            **(3)**    Prior to the policy period, no insured listed under paragraph 1., of Section II – Who Is An Insured and no "employee" authorized by your to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

      \*     \*     \*

**Coverage for any Operation(s), Premises, or Project(s) not shown above can only be covered if agreed to, in writing, by us as evidenced**

**by endorsement to this policy.**

\*      \*      \*

48.     Pursuant to Paragraph A.1.b.(1)(a) above, the Primary Policy applies only if the "property damage" "[a]rises or is alleged to arise out of any operation(s) shown in the Schedule above."

49.     In this regard, the endorsement's schedule lists the following operations:

Painting, masonry, dry wall, tile, and concrete construction - 4 stories or less

50.     As the endorsement provides, the Primary Policy applies only if the "property damage" arises out of or is alleged to arise out of painting, masonry, dry wall, tile or concrete construction.

51.     The "property damage" at issue in the Underlying Actions arises out of excavation or other activity not involving any of the operations enumerated in the endorsement, as alleged in the lawsuits and otherwise.

52.     Excavation and any other work not scheduled in the endorsement is not covered under the Primary Policy or the Excess Policy.

53.     Therefore, USIC is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify the defendants herein in the Underlying Actions.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – Insured Status for Individuals – Both Policies)

54.     USIC repeats and realleges the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. The Primary Policy reads as follows at Section II – Who Is An Insured:

1. If you are designated in the Declarations as:

\*      \*      \*

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*      \*      \*

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

56. As set forth above, At-Saf's directors, officers, stockholders and employees qualify as insureds under the Primary Policy and the Excess Policy, but only in their capacities as such. No coverage is available for any of the individual defendants to the extent sued as an owner of the Albert Road Property, or in any capacity other than as director, officer, stockholder or employee of At-Saf.

57. Therefore, USIC is entitled to judgment and judicial declaration that it has no obligation to defend or indemnify any of the defendants herein in their capacities other than as director, officer, stockholder or employee of At-Saf.

12

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment – Underground Property Exclusion – Both Policies)

58.    USIC repeats and realleges the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.    The Primary Policy contains the following endorsement:

**LIMITATION – PROPERTY DAMAGE TO UNDERGROUND PROPERTY**

A.    The following exclusion is added to paragraph 2., Exclusions, of Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability:

This insurance does not apply to:

**Property Damage to Underground Property**

"Property damage" to underground property and any resulting damage arising out of or resulting from excavation operations performed by you or anyone acting on your behalf.

However, this exclusion does not apply if the insured who performed the excavation operations contacted the utility location service prior to the excavation operations and followed the instructions regarding:

1.    The location of the excavation operation; and

2.    The means by which the excavation operations were to be performed including but not limited to instructions pertaining to hand digging or vacuum extraction; and

3.    The excavation operations were performed within the time frame indicated on the permit or as required by ordinance, law, or regulation, whichever is shorter.

B.    For the purposes of this endorsement:

1.    Underground property means wires, communication lines, conduits, pipes, mains, sewers, tanks, tunnels,

13

and similar property, and any apparatus used with them beneath the surface of the ground or water.

2.     Excavation operations means any operation in which earth, rock, water, or other material in or on the ground is moved, removed, or otherwise displaced by means of any tools, power equipment or explosives; and includes but is not limited to excavation, grading, paving, burrowing, filling, back-filling, trenching, digging, ditching, drilling, auguring, boring, tunneling, scraping, cable or pipe plowing, or pile driving.

60.     The *Crossbay* suit alleges that natural gas, water and sewer services were disrupted at the Crossbay Building as a result of the collapse.   The foregoing exclusion applies to bar coverage under the Primary Policy and the Excess Policy for any such damage and any other "property damage" to underground property at issue in the Underlying Actions.

61.     Therefore, USIC is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify the defendants herein in the Underlying Actions.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment – Asbestos Exclusion – Both Policies)

62.     USIC repeats and realleges the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     The Primary Policy contains the following exclusion endorsement:

EXCLUSION   –   ASBESTOS,   LEAD,   SILICA,   MANGANESE, FORMALDEHYDE OR UREA FORMALDEHYDE

This insurance does not apply to:

**Asbestos,   Lead,   Silica,   Manganese,   Formaldehyde   or   Urea Formaldehyde**

"Bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from the disposal, existence, handling, ingestion, inhalation, installation, sale, storage, transportation, use, consumption or removal of:

14

    **(1)**    Asbestos or any material containing asbestos;

*    *    *

64.    The *Baci's Pet Palace* suit alleges that the property was contaminated with asbestos as a result of the building collapse.  The foregoing exclusion applies to bar coverage under the Primary Policy and the Excess Policy for any such damage and any other "property damage" arising out of asbestos at issue in the Underlying Actions.

65.    Therefore, USIC is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify the defendants herein in the Underlying Actions.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment – Asbestos Exclusion – Excess Policy)**

66.    USIC repeats and realleges the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.    The Excess Policy contains the following exclusion, which appears in the Special Exclusions and Limitations Endorsement – Contracting and Service Risks:

This insurance does not apply to:

    **2.**    **Asbestos, Lead, Silica, Manganese, Formaldehyde or**
             **Urea Formaldehyde**

    "Injury or damage" arising directly or indirectly out of or resulting from the disposal, existence, handling, ingestion, inhalation, installation, sale, storage, transportation, use, consumption or removal of:

    **a.**    Asbestos or any material containing asbestos;

*    *    *

68.    The *Baci's Pet Palace* suit alleges that the property was contaminated with asbestos as a result of the building collapse.  The foregoing exclusion applies to bar coverage under the Excess Policy for any such damage and any other "property damage" arising out of asbestos at

15

issue in the Underlying Actions.

69.    Therefore, USIC is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify the defendants herein in the Underlying Actions.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment – Subsidence Exclusion – Excess Policy)

70.    USIC repeats and realleges the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.    The Excess Policy contains the following exclusion, which appears in the Special Exclusions and Limitations Endorsement – Contracting and Service Risks:

This insurance does not apply to:

**15.    Subsidence**

"Injury or damage" which would not have occurred in whole or part but for the sudsidence of land, including subsidence of land caused in whole or in part by the operations of any insured or any subcontractor(s).

Subsidence of land means movement of earth or land, including movement to a higher or lower level, landslide, mud flow, mudslide, or the rising, settling, shifting or sinking of earth.

72.    The foregoing exclusion applies to bar coverage under the Excess Policy for the claims asserted in the Underlying Actions.  Therefore, USIC is entitled to judgment and a judicial declaration that it has no obligation to defend or indemnify the defendants herein in the Underlying Actions.

## SEVENTH CLAIM FOR RELIEF
### (Rescission of Primary Policy)

73.    USIC repeats and realleges the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.    The Primary Policy was issued, in substantial part, on the basis of a commercial insurance application dated April 25, 2018 and signed by At-Saf that day (the "Application").

75.    The Application provides as follows in the signature section:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE HEST OF HIS/HER KNOWLEDGE.

76.    The commercial general liability section of the Application contains the following Question 3:

> DO ANY OPERATIONS INCLUDE EXCAVATION, TUNNELING, UNDERGROUND WORK OR EARTH MOVING?

77.    At-Saf's responded "N" to Question 3.

78.    At-Saf's negative response to Question 3 of the Application was untrue in that, *inter alia*, At-Saf's operations actually included excavation and earth moving.

79.    The Primary Policy was issued, in substantial part, also on the basis of a contractors questionnaire and warranty form, signed by At-Saf on April 7, 2017 (the "Questionnaire/Warranty Form."

80.    The Questionnaire/Warranty Form contains the following warranty:

> The undersigned Applicant warrants that the above statements and particulars, together with any attached or appended documents or materials ("this Application"), are true and complete and do not misrepresent, misstate or omit any material fact.  Furthermore, the Applicant authorizes the Company, as administrative and servicing manager, to make any investigation and inquiry in connection with this Application as it may deem necessary.

> The applicant agrees to notify the Company of any material changes in the answers to the questions on this Application which may arise

17

> prior to the effective date of any policy issued pursuant to this
> Application and the Applicant understands that any outstanding
> quotations may be modified or withdrawn based upon such changes
> at the sole discretion of the Company.

81.     The Questionnaire/Warranty Form inquires, at Question 30, whether At-Saf's work involved "[n]ew construction (including additions)."

82.     At-Saf responded "NO" to Question 30.

83.     At-Saf's negative response to Question 30 of the Questionnaire/Warranty Form was untrue in that, *inter alia*, At-Saf's work actually involved new construction.

84.     The Questionnaire/Warranty Form contains the following Question 32:

> Have you performed or will you or your subcontractors perform any
> work below grade?

85.     At-Saf responded "NO" to Question 32 of the Questionnaire/Warranty Form.

86.     At-Saf's negative response to Question 32 was untrue in that, *inter alia*, At-Saf actually performed work below grade.

87.     Both the Application and the Questionnaire/Warranty Form contain material misrepresentations regarding At-Saf's excavation and earth moving work, new construction work and work below grade.

88.     Had At-Saf answered Question 3 of the Application's commercial general liability section correctly, and answered Questions 30 and 32 of the Questionnaire/Warranty Form correctly, USIC would have charged an additional premium for the Primary Policy, would have issued the Primary Policy subject to one or more materially different terms, or would not have issued the Primary Policy at all.

89.     Accordingly, USIC is entitled to a judicial declaration that the Primary Policy is rescinded and void *ab initio* on the basis of material misrepresentation.

90.     USIC will return the premiums that At-Saf paid for the Primary Policy, with applicable interest, upon judgment in USIC's favor.

## EIGHTH CLAIM FOR RELIEF
### (Reformation of the Primary Policy)

91.     USIC repeats and realleges the allegations contained in Paragraphs 1 through 90 as if fully set forth at length.

92.     At-Saf did not disclose in the Application or in the Questionnaire/Warranty Form that At-Saf would conduct excavation work, earth moving work, new construction work or work below grade.

93.     On this basis, USIC mistakenly issued the Primary Policy in its present form.

94.     Had At-Saf disclosed that it would engage in excavation, earth moving, new construction or work below grade, USIC would have issued the Primary Policy subject to one or more exclusions, endorsements and/or other additional terms and conditions, including but not limited to a "controlled burn" exclusion.

95.     Accordingly, the Primary Policy is subject to reformation to include one or more exclusions or endorsements such that no coverage is available for the Underlying Actions.

## NINTH CLAIM FOR RELIEF
### (Reimbursement of Defense Expenses)

96.     USIC repeats and realleges the allegations contained in Paragraphs 1 through 95 as if fully set forth herein.

97.     USIC has been defending the defendants herein in the Underlying Actions pursuant to reservation of rights.

98.     USIC had no obligation to defend the defendants herein in the Underlying Actions.

99.     Therefore, USIS is entitled to reimbursement of the fees, costs and expenses

incurred in defending the Underlying Actions.

WHEREFORE, USIC respectfully requests judgment as follows:

1)     declaring the USIC has no obligation to defend or indemnify the defendants in the Underlying Actions;

2)     in the alternative, declaring that the Primary Policy is rescinded and void *ab initio*;

3)     in the alternative, declaring that the Primary Policy is reformed to include, *inter alia*, a "controlled burn" exclusion;

4)     directing the defendants to reimburse USIC for the fees, costs and expenses is has incurred and will incur in defending the Underlying Actions;

5)     otherwise declaring the rights and obligations of the parties under the Primary Policy and the Excess Policy; and

6)     awarding costs, disbursements and reasonable attorneys' fees to USIC together with such other and further relief as the Court deems just and proper.

Dated: June 28, 2022

TRAUB LIEBERMAN
STRAUS & SHREWSBERRY LLP

By: _____
Copernicus T. Gaza, Esq.
Attorneys for Plaintiff
United Specialty Insurance Company
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
cgaza@tlsslaw.com